The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, Arkansas 72761-8866
Dear Senator Brown:
This is in response to your request for an opinion on the effect of Act 542 of 1997. That act reinstates a maximum age for the appointment of firefighters in cities with a civil service commission for such employees. Specifically, Act 542 amends A.C.A. § 14-51-301(b)(1), which sets out the matters which must be covered by civil service rules. The statute is amended to state that such rules shall provide for: "The qualifications of each applicant for appointment to any position on the police or fire department," and states that: "No person shall be eligible for appointment to any position on the fire department who has not arrived at the age of twenty-one (21) years or who has arrived at the age of thirty-two years. . . ." The title of the act indicates that its purpose is to "reinstate" the maximum age limit for appointment to a fire department. . . ." This reference is to the fact that earlier law imposed such a maximum age limit (see Acts 1933, No. 28, § 3; Acts 1959, No. 205, § 1; and Acts 1993, No. 206, § 8), but this maximum limit was repealed by Act 473 of 1995, and thus for the last two years, there has been no such maximum limit. Act 542 of 1997 thus "reinstates" the maximum age limit for appointment to a fire department in a city with a civil service commission. Act 542, having no stated effective date or emergency clause, is effective on August 1, 1997. See Op. Att'y Gen. 97-144. Your question with regard to these facts is as follows:
 If an applicant for a position on a fire department has passed all tests and qualifications and is currently on the certified eligibility list, but is older than the 32-year maximum age, may such a certified applicant be hired after the effective date of the Act?
It is my opinion that the answer to this question is "no."
The act is effective on August 1, 1997, and on that date and thereafter no person who has arrived at the age of thirty-two years is eligible for "appointment" to a fire department in a city with a civil service commission. An individual who has passed all tests and is currently on the eligibility list has not yet been "appointed." There is no provision in the act to obviate its effectiveness as to individuals on certified eligibility lists. This could have been easily accomplished by the legislature had it so intended.
Although this change in the law may seem unfair to those awaiting appointment on the effective date of the act, it has been stated that: "There can be no vested right in the continued existence of a staute [sic] or rule of the common law which precludes its change or repeal, or in any omission to legislate on a particular matter or subject." 16A C.J.S. Constitutional Law § 231. See also, Crossett Lumber Company v.McCain, 205 Ark. 631, 170 S.W. 2d 64 (1943) (legislature had power to change unemployment compensation law and make new act effective to claims pending upon effective date of act).
It is therefore my opinion that the answer to your question is "no," an applicant for a position on a municipal fire department in a city with a civil service commission who has arrived at the age of thirty-two may not be appointed after the effective date of Act 542 of 1997.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh